UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas E. Perez, Secretary of Labor, United States Department of Labor, <br><br>  Plaintiff, <br>  v. <br><br> End 2 End Communications, LLC, doing business as End 2 End Communications and as End 2 End Technologies; <br> Troy Knutson, individually and as a managing agent of End 2 End Communications, LLC; <br> and <br> Kacey Schenk, individually and as a managing agent of End 2 End Communications, LLC, <br><br>  Defendants. | CV 15-1368-PHX-DJH <br><br> ORDER AND CONSENT JUDGMENT |

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), and Defendants End 2 End Communications, LLC, doing business as End 2 End Communications and as End 2 End Technologies; Troy Knutson ("Knutson"), individually and as a managing agent of End 2 End Communications, LLC; and Kacey Schenk ("Schenk"),

1

individually and as a managing agent of End 2 End Communications, LLC, (collectively referred to as "Defendants") (the Secretary and Defendants collectively referred to as the "Parties") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment") in accordance herewith:

    A.    The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 7, 11(c), 15(a)(2) and (5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and (5).

    B.    Defendants acknowledge receipt of a copy of the Secretary's Complaint.

    C.    Defendants have retained counsel and have been advised by counsel in this matter.

    D.    Defendants waive issuance and service of process and waive answers and any defenses to the Secretary's Complaint.

    E.    Defendants neither admit nor deny the violations alleged in the Complaint.

    F.    The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

    G.    Defendants admit that the Court has jurisdiction over the Parties and subject matter of this civil action and that venue lies in the district court for the District of Arizona.

    H.    The Parties agree to the entry of this Consent Judgment without contest.

    I.    Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction (including but not limited to supervisors

and/or managers at End 2 End Communications LLC) have notice of, and understand, the provisions of this Consent Judgment.

J. Defendants understand and agree that threatening any employee or retaliating against any employee for exercising any of their rights under the FLSA is specifically prohibited by this Consent Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

Therefore, upon motion of the attorneys for the Secretary (Doc. 3),

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq., (hereafter the "Act" or the "FLSA"), that Defendants End 2 End Communications LLC, Knutson, and Schenk, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1. Defendants End 2 End Communications LLC, Knutson, and Schenk, shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

2. Defendants End 2 End Communications LLC, Knutson, and Schenk, shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by

them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the Act and found in 29 C.F.R. Part 516.

3. This Consent Judgment relates to the agreement of the Secretary and Defendants End 2 End Communications LLC, Knutson, and Schenk regarding the period from November 7, 2011 through and including May 24, 2014 ("Subject Period"), and pertains to the present and former employees of Defendants named in Exhibit A, attached hereto and made a part hereof.

4. Defendants End 2 End Communications LLC, Knutson, and Schenk, shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any money in the form of cash, check, or any other form, for wages to become due in the future to said employee under the provisions of this Judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages hereafter paid to said employee under the provisions of this Judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from Defendants under the provisions of this Judgment or the FLSA.

5. Within ten (10) days after entry of this Consent Judgment, Defendants shall distribute a copy of Exhibit C, attached hereto and made a part hereof, which summarizes the terms of this Judgment and the employees' rights under the FLSA, to each of their employees and post a copy in a prominent location at their establishment for at least one hundred and eighty (180) days.

6. Within thirty (30) calendar days of entry of this Consent Judgment, Defendants shall implement a policy of reimbursing technicians for mileage

1  driven in the course of their work for Defendants in a manner which meets all
2  criteria under the Internal Revenue Service regulations for expense
3  reimbursement.

4  7. Within thirty (30) calendar days of entry of this Consent Judgment,
5  Defendants will implement redesigned payroll software for End 2 End
6  Communications LLC. For technicians (and any other employees not exempt
7  from the FLSA), such redesigned payroll software will precisely reflect the hours
8  worked per day and per week. Such redesigned payroll software will calculate for
9  technicians (and other employees not exempt from the FLSA) all non-overtime
10 ("straight time") and overtime wages per week.

11 8. Within thirty (30) calendar days of entry of this Consent Judgment,
12 Defendants will implement redesigned pay stubs which End 2 End
13 Communications, LLC will issue in writing to each employee. Such redesigned
14 paystubs will show at least the following information generated by the redesigned
15 payroll software described above in paragraph 7:

16 a. In addition to information otherwise required by law, End 2
17 End Communication LLC shall indicate on each paystub the number of straight
18 time hours per week; the number of overtime hours per week; the total number of
19 hours worked per week; all applicable pay rates, whether hourly rates or piece
20 rates; the amount of each deduction; the reason for each deduction; the amount of
21 any reimbursement; the reason for any reimbursement.

22 b. Reimbursement for mileage to technicians (and any other
23 employees not exempt from the FLSA) must be included in the regular rate of pay
24 for overtime calculations except where such reimbursement meets all criteria
25 under Internal Revenue Service regulations for expense reimbursement. If
26 Defendants reimburse mileage to technicians (and any other employees not

exempt from the FLSA), Defendants shall make, keep, and preserve all records required by the Internal Revenue Service for claiming such mileage reimbursement and upon request shall provide such records to Wage and Hour Division for immediate review, transcription, or copying.

9. Within thirty (30) calendar days of the date of entry of this Consent Judgment, Defendants shall create or update an Employee Policies & Procedures handbook. Such handbook shall outline for employees how the revised payroll software described above in paragraph 7 will calculate employee pay. Such handbook shall outline for employees what information about employee hours and pay will appear on the redesigned pay stubs described above in paragraph 8. Also, such handbook shall expressly direct employees to the Wage and Hour Division's website, located at: http://www.dol.gov/whd, for further guidance regarding the FLSA. Said handbook shall be provided to all current and future employees of Defendants.

10. Within thirty (30) calendar days of the entry of this Consent Judgment, Defendants shall make a presentation to all employees about: how the revised payroll software described above in paragraph 7 will calculate employee pay; what pay and hours information will appear on the redesigned paystubs described above in paragraph 8; where to find information about employee pay and hours in the revised handbook described above in paragraph 9.

11. Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent

Judgment.

**IT IS FINALLY ORDERED** that the Motion to Approve Consent Judgment (Doc. 3) is **GRANTED**.

**Dated** this 23rd day of July, 2015.

Honorable Diane J. Humetewa
United States District Judge

| | |
|---|---|
| For the Defendants: | |
| Defendants hereby appear, consent to the entry of this Consent Judgment, and waive notice by the Clerk of Court: | |
| | M. PATRICIA SMITH |
| Dated: _____ | Solicitor of Labor |
| For End to End Communications, LLC: | JANET M. HEROLD |
| | Regional Solicitor |
| _____ | |
| | DANIEL CHASEK |
| _____ | Associate Regional Solicitor |
| Position | |
| Dated: _____ | _____ |
| | KATHERINE M. KASAMEYER |
| For: Troy Knutson | Trial Attorney |
| By: _____ | Dated:_____ |
|    Troy Knutson, individually | Attorneys for U.S. Dep't of Labor |
| Dated: _____ | |
| For: Kasey Schenk | |
| By: _____ | |
|    Kasey Schenk, individually | |

Reviewed as to Form and Content:

_____
Howard E. Cole, Esq.
Lewis Roca Rothgerber
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169

**EXHIBIT A**

| First Name | Last Name |
|---|---|
| Alvaro | Acevedo |
| Chris | Acopiado |
| Roy | Aguon |
| Kenneth | Akins |
| Brian | Anderson |
| Edward | Angell |
| William | Anglemire |
| Ramon | Angulo |
| Shawn | Arbogast |
| Andres | Arceo |
| Luis | Arranaga |
| K Bryan | Baldwin |
| Abraham | Ballantine |
| Andrian | Ballantine |
| Jose | Banderas |
| Raymond | Barr |
| Ryan | Bates |
| Javier | Beltran-Salazar |
| A Scott | Benson |
| Y Worku | Berhanu |
| Gilbert | Bernal |
| Eduardo | Blandy |
| Robert | Blazevich |
| Jonathan | Brandon |
| Larry | Brice |
| Stephen | Brinkley |
| Andrew P | Campbell |
| D Daniel | Campos |
| S Jonathan | Carlos |
| David | Carson |
| Christian | Casteneda |
| Ron | Cathey |
| M Roberto | Certoma |
| David | Cervantes |

| | |
|---|---|
| Gerardo | Chavez |
| Billy | Clifford |
| Joshua | Colbert |
| Matthew | Cole |
| Scott | Conlon |
| K Brian | Conover |
| James | Covarrubias |
| Johnny | Cowan |
| James | Crosier |
| Houston | Crosta |
| R Perry | Dahlquist |
| John W | Davis |
| Colby | Dawkins |
| Alejandro | Delgado |
| Ruben | Delgado |
| Eduwidges | Delgado-Martinez |
| Daniel | DeMatteo |
| Christopher | Denorio |
| Sean M | Dermody |
| David | Dickman |
| Steve N | Do |
| Tim H | Donaldson |
| Brandin | Douglass |
| Kris P | Doyle |
| Kirk A | Dubay |
| Jose A | Duran |
| N Joshua | Dutson |
| Fernando | Esparza |
| Ishmael | Espinoza |
| B Corey | Ezell |
| Nathan R | Ezzell |
| Darren | Fiscalini |
| Donald | Fletcher |
| Aaron | Flint |
| Ramon | Flores |
| Gregory | Flynn |
| Stephen | Franco |
| Tim | Fuller |
| R Daniel | Galaviz |
| Angel | Galvan-Labrado |
| Jessica | Galvez |
| Emanuel | Gamboa |
| Sean | Ganley |

| | | |
|---|---|---|
| 1 | Gerardo | Garcia |
| | Jonathan L | Garner |
| 2 | Donald | Gaskin |
| 3 | J Jeremy | Gebo |
| | Benjamin | Gessert |
| 4 | Steven | Gessert |
| | Blake | Gibbons |
| 5 | Joseph E | Gibson |
| | Cesar | Godoy |
| 6 | A Carlos | Gomez |
| 7 | E Diego | Gomez |
| | Randall | Gooch |
| 8 | Tommy G | Graham |
| | L Jervant | Grays |
| 9 | B Myron | Greenfield |
| | A Robert | Grey |
| 10 | N Derek | Guard |
| 11 | R Robert | Guilbault |
| | Dave | Gutierrez |
| 12 | 0 Kyle | Haggard |
| 13 | Christopher | Hamlet |
| | Jared | Heller |
| 14 | Braulio | Hernandez |
| | Jesse P | Hernandez |
| 15 | Michael A | Hernandez |
| 16 | Sergio | Hernandez |
| | Gustavo | Herrera |
| 17 | Jason | Herrera |
| | Roberto | Herrera-Franco |
| 18 | Donald | Hicks-Whaley |
| 19 | R William | Hubbard |
| | Christopher | Hunt |
| 20 | William | Ignacio |
| | Robert D | Ingleman |
| 21 | David | Interiano-Trinidad |
| 22 | John | Ireland |
| | Craig S | Johnson |
| 23 | Jesse | Jones |
| | Kameron | Kaples |
| 24 | C James | Kazen |
| 25 | Michael | Kelling |
| | Sokha | Kim |
| 26 | William G | Kirkpatrick |

| | |
|---|---|
| Garet | Klingensmith |
| J Richard | Konieczski |
| Yanquiel | Lancara-Lane |
| Francis | Lapatra |
| Peter | Larez |
| Derek | Larson |
| Daniel | Lautenschlager |
| Donald | LeBran |
| Derrick | Lee |
| Alberto | Leon |
| Francisco | Lerma Jr |
| Aaron W | Lindsey |
| Robert | Linge |
| V Paul | Lockwood |
| Daniel | Lopez-Valdez |
| M Francisco | Loza-Ocampo |
| Craig | Lugo Jr. |
| R D'Angelo | Luna |
| Angelo | Maiorana |
| Y Sharifeldin | Malik |
| Jorge | Marquina |
| Chris | Marsh |
| Cristian | Martinez |
| Eduardo | Martinez |
| Steven J | Martinez |
| Gregory A | Mason |
| Kyle | Mason |
| R William | McCalla III |
| Kyle | McCleary |
| Rodney | McGavitt |
| Michael | McNeill |
| Uttara | Meng |
| Ignacio | Merlos |
| Randall W | Miller |
| J John | Mondeaux |
| Osvaldo | Monroy |
| Seth | Moody |
| Eduardo | Morales |
| Luis | Moran Jr. |
| Roberto | Morgan |
| Zachary | Morris |
| G | Muilenburg |
| Luis G | Munoz-De-Rueda |

| | | |
|---|---|---|
| 1 | Nicolas | Myers |
| | Juan M | Navarrett |
| 2 | Ismael | Navarrette |
| 3 | Nicolas | Neises |
| | Danny | Nicholson |
| 4 | Alex M | Nirschl |
| 5 | Stacey J | Noel |
| | Arthur | O'Connor |
| 6 | Timothy | O'Donnell |
| | Patrick | Oakie |
| 7 | Rene | Osoria |
| 8 | Louise K | Pali |
| | Marvin | Partlow |
| 9 | Aaron | Peck |
| | Rito J | Pena |
| 10 | Stacey | Pendley |
| 11 | Ariel | Perez |
| | Carlos | Perez |
| 12 | Santiago | Perez |
| | Calvin | Peterson |
| 13 | Ronald | Peterson |
| 14 | Jason | Poormon |
| | Jim | Price |
| 15 | Edward R | Prouty |
| | Leonard | Rankins |
| 16 | Mark F | Ray |
| | Oscar | Rita |
| 17 | Daniel K | Rivera |
| 18 | Paul | Rivera |
| | Roberto | Rivera |
| 19 | Keir W | Robinson |
| | Jorge | Rodriguez |
| 20 | Juan C | Rodriguez |
| 21 | David | Rogers |
| | Gilbert | Romero |
| 22 | Juan M | Romo |
| | Michael J | Rowe |
| 23 | Arturo | Rubio |
| | Tomas A | Ruffer |
| 24 | Tomer | Saada |
| 25 | Juan C | Sanchez |
| | Noelle | Sangster |
| 26 | Michael C | Schaefer |

Case 2:15-cv-01368-DJH   Document 4   Filed 07/24/15   Page 14 of 15

| | |
|---|---|
| William L | Schenk III |
| James J | Schneider |
| William E | Schoeb |
| Justin | Senft |
| David | Sevigny |
| Richard | Shanker |
| Scott D | Shercliffe |
| Sean M | Shipman |
| Anthony J | Shriber |
| Brian | Shriber |
| Zachary N | Siler |
| Patrick B | Sinclair |
| Brandon T | Smith |
| Derrick A | Smith |
| Mark | Smith |
| Tristan | Smith |
| Aaron | Southern |
| Brian | Sparenga |
| Dale E | Stier |
| Steven | Stole |
| Michael | Strawn |
| Victor J | Suarez |
| Jeremy | Torres |
| Eric S | Trice |
| Jared E | Uher |
| Joel | Vazquez |
| Kyle S | Walters |
| Kevin | Warble |
| Codie | Watts-Hooper |
| Jesse | Whinery |
| Patrick C | Whipple |
| Brandon P | Wilborn |
| Matthew J | Wildey |
| Robert R | Williams |
| Aaron | Wilson |
| Marcus A | Woods |
| Darrel P | Wright |
| Arthur | Zacarias-Marquez |
| Michael | Zelm |
| Crisitan | Zepeda |

14

# EXHIBIT C

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** ("FLSA") requires that all employees must be paid **minimum wage** for all hours worked. Employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. Employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to overtime when they work over 40 hours.

The United States Department of Labor conducted an investigation of **End 2 End Communications, LLC** ("End 2 End"). The Department of Labor has reached a settlement with End 2 End, Troy Knutson and Kacey Schenk. As part of this settlement, End 2 End, Troy Knutson, and Kacey Schenk have agreed to pay unpaid back wages owed to some employees. The Department of Labor will distribute these checks to the employees who are owed money. **If you receive a check, please note that nobody from the company can ask you for this money back, and no employee must return this money back.**

Your employer wants you to know that it is committed to ensuring that all employees are paid minimum wage and overtime when it is due and is committed to fully complying with all laws enforced by the Department of Labor. If you are not paid minimum wage or overtime, or if anybody associated with this employer tells you to return your wages, please call the **U.S. Department of Labor at (602) 514-7100,** or **(866) 4-USWAGE, (866) 487-9243**. You may also contact the Department of Labor if you have any questions about your employment rights, such as your rights to minimum wage and overtime wages. Your name will be kept confidential. Interpreter services are available.